FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

JUL 29  3 31 PH '91

Phil (        MICH.
BY  Mrs Tuesputy
A. KS.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

TITAN SPORTS, INC.,               )
                                  )
            Plaintiff,            )
                                  )
        v.                        )    CIVIL ACTION
                                  )
MARIAN BIDWELL and DIANE ERBE, Clerk )  Case No.  90-4187-S
of the District Court of Riley County, )
                                  )
            Defendants.           )
_____)

## MEMORANDUM AND ORDER

This matter is before the court on cross-motions for summary judgment.  In this case, plaintiff Titan Sports ("Titan") is challenging the constitutionality of K.S.A. 60-718 under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  It seeks to enjoin the enforcement in the Kansas state courts of a default judgment obtained by defendant Marian Bidwell ("Bidwell") in a garnishment action.  Bidwell contends she is entitled to judgment on the alternative bases that this court lacks subject matter jurisdiction over the controversy, the case is barred by res judicata, and the statute in question is not unconstitutional.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists.  Fed. R. Civ. P. 56(c); Maughan v. SW Servicing, Inc., 758 F.2d 1381, 1387 (10th Cir. 1985).  The requirement of a "genuine"

issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. United States v. O'Block, 788 F.2d 1433, 1435 (10th Cir. 1986). The court must also consider the record in the light most favorable to the party opposing the motion. Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir. 1984), cert. denied, 469 U.S. 1214 (1985).

The court finds the following material facts are undisputed. In 1983, Bidwell filed a personal injury action in the District Court of Riley County, Kansas, as the result of injuries suffered while attending a wrestling match. On March 16, 1983, a default judgment, in the amount of $80,536.00 plus interest and costs, was entered against three of the defendants in that case: Ray

2

"Superfly" Candy, Dewey Robertson, and George "Humperdink" Sutton.

On February 9, 1988, unable to collect on her judgment, Bidwell obtained an order of garnishment against an agent of the World Wrestling Federation d/b/a Titan Sports, Inc., for wages due Sutton. Titan failed to file an answer, and on March 31, 1988, Bidwell moved for a default judgment. At a hearing on the motion, the district court ordered Titan to file an answer and pay the amount owed Sutton, $3,089.25, into court.

On September 28, 1988, Bidwell obtained a second order of garnishment against an agent of Titan, and the order was served on one Ron Pugel. Again, Titan failed to answer and in November 1988, Bidwell moved for a default judgment. The matter was continued at the request of Titan and was eventually heard by telephone conference on February 21, 1989. At that time, Titan challenged the sufficiency of service of process, contending Ron Pugel was not its agent. No affidavit or other evidence was presented regarding the matter, however, and the district court entered judgment against Titan pursuant to K.S.A. 60-718, for the full amount of Bidwell's original judgment, $80,536.00.

On March 20, 1989, Titan filed a motion for reconsideration of the default judgment. In denying the motion to reconsider, the district court found Ron Pugel was an apparent agent of Titan. The court also noted that, at the time the motion for reconsideration was filed, approximately six months had passed since the order of garnishment was issued. As of that time, Titan had not provided

3

the court any evidence that it was not indebted to any of the original defendants.

On May 16, 1989, Titan filed a motion to set aside the judgment, which the district court denied on July 25, 1989. Titan subsequently attempted to appeal the decisions of the district court to the Kansas Court of Appeals. The Court of Appeals, in an unpublished decision, dismissed the case for lack of jurisdiction. It found that Titan's first motion to reconsider tolled the time for appeal, but the second motion filed pursuant to K.S.A. 60-260(b) did not. The court further found the second motion should never have been entertained by the district court because it addressed the same personal jurisdiction issue and was barred by the doctrine of res judicata. In any event, the Court of Appeals ruled Titan should have appealed after the denial of the motion to reconsider and, because it did not, that court did not have jurisdiction. The Kansas Supreme Court denied Titan's petition for review.

Although the parties dispute various events regarding the procedural history of the case, this court finds no genuine issue of material fact and turns now to the legal issues.

## SUBJECT MATTER JURISDICTION

Bidwell contends Titan's present cause of action is an attempt to appeal a final state court judgment. In support, Bidwell cites D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), for the rule that a United States District Court has no jurisdiction to review final judgments of state courts.

4

AO 72A
(Rev. 8/82)

In <u>Feldman</u>, the Court determined that, if the constitutional challenge involved a review of the state court decision, it could not be heard by United States district courts. 460 U.S. at 486. To the extent the claim is a general constitutional challenge, however, the courts would have jurisdiction. <u>Id</u>. The Court further stated that if the constitutional challenge were "inextricably intertwined" with the state court decision, review would be impermissible. 460 U.S. at 483-84 n. 16.

In <u>Facio v. Jones</u>, 929 F.2d 541 (10th Cir. 1991), the Tenth Circuit Court of Appeals applied the <u>Feldman</u> rule in the case of a party who sought declaratory and injunctive relief for a default judgment entered in a Utah state court. Facio sued under 42 U.S.C. § 1983 for deprivation of property without due process of law under the Fourteenth amendment, alleging that state statutes which require proof of a meritorious defense to set aside a default judgment were unconstitutional. 929 F.2d at 542-43. The court found that the request for declaratory judgment was inextricably intertwined with his request to vacate and set aside the default judgment. 929 F.2d at 543. The court found that the default judgment was final in the state court and any attempt to have it set aside would be an impermissible review of the state court judgment. <u>Id</u>.

The court went on to reason that, if the two causes of action were separated, Facio would lack standing to challenge the constitutionality of the statutes in question unless he could demonstrate a real possibility of being subjected to Utah's

5

procedure for setting aside default judgments in the future.    929
F.2d at 544.    As stated by the court, "while a plaintiff who has
been constitutionally injured can bring a § 1983 action to recover
damages, that same plaintiff cannot maintain a declaratory or
injunctive action unless he or she can demonstrate a good chance of
being likewise injured in the future."    929 F.2d at 544.
Therefore, according to the court, the standing issue to obtain the
declaratory or injunctive relief must be analyzed separately from
the party's standing to bring an action for retrospective relief.
Id.

The facts in the present case are almost identical to those in
Facio.    Titan is seeking declaratory and injunctive relief based
upon its contention that K.S.A. 60-718 is unconstitutional.
Although Titan does not request that this court set aside the
default judgment rendered in the state court, it does seek to
enjoin the state court from enforcing its judgment.    That judgment
was final when Titan pursued all of its remedies in the state
court.    Titan could have presented any defenses it had to the
garnishment during the course of litigation in the state courts.

The judgment entered was for the full amount of Bidwell's
original judgment.    Although it is possible that Titan may once
again be served with an order of garnishment for one of its
employees, there is no possibility of that occurring again in the
present case, Bidwell's full judgment being satisfied by the
default judgment.    Thus, Titan lacks standing to challenge the
constitutionality of K.S.A. 60-718.    This court finds it has no

6

jurisdiction over Titan's claims and Bidwell's motion for summary judgment will be granted.

**IT IS BY THE COURT THEREFORE ORDERED** that defendant's motion for summary judgment is granted (doc. 9).

Dated this *39* day of July, 1991, at Topeka, Kansas.

DALE E. SAFFELS

U. S. District Judge

DES:SLJ

7